60 N.J. Super. 534 (1960)
159 A.2d 460
LOUISA BOOTH, PLAINTIFF,
v.
NEW JERSEY HIGHWAY AUTHORITY AND CHELSEA TITLE AND GUARANTY COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 30, 1960.
*535 Mr. Marvin D. Perskie (Messrs. Perskie and Perskie), attorney for plaintiff.
Mr. Walter L. Smith, Jr., attorney for defendant New Jersey Highway Authority.
Mr. John R. Armstrong (Messrs. Kirkman, Mulligan and Harris), attorney for defendant Chelsea Title and Guaranty Co.
CAFIERO, J.S.C.
Defendant Chelsea Title and Guaranty Company moves to dismiss counts 2 and 3 of the complaint on the ground that they fail to state a claim upon which relief can be granted.
This matter has been in litigation since 1957. By it Louisa Booth seeks damages against New Jersey Highway Authority and Chelsea Title and Guaranty Company. The first count of the complaint was dismissed on July 16, 1957. The fourth count of the amended complaint has been satisfied by condemnation proceedings. Therefore, as against the New Jersey Highway Authority, the plaintiff no longer has a cause of action.
*536 Counts 2 and 3 seek damages in the amount of $4,000 each against the Chelsea Title and Guaranty Co., successor to Cape May County Title and Trust Co., which insured the title to an 82-acre tract described in the policy issued to plaintiff on November 4, 1953 which she purchased from Michael and Florence Manning. On April 12, 1954 the same company insured the title of the Highway Authority to another tract of land purchased by it from the same grantors. Both tracts included within their respective metes and bounds a 4.24-acre parcel, thus resulting in an overlap. Louisa Booth alleges that by insuring both titles the Title Company enabled the New Jersey Highway Authority to enter into possession of the lands and premises lawfully belonging to her, by virtue of which she was damaged in the amount of $4,000 plus interest and costs of suit. Count 2 alleges negligence, and count 3 breach of contract.
Plaintiff contends that at the time the policy was issued to her, one of the officers of the Title Company knew of this condition and of the existence of an unrecorded agreement of sale entered into between the Mannings and the Highway Authority on October 24, 1953  just ten days before the settlement between plaintiff and the Mannings. She contends that, despite this knowledge, the Title Company issued the policy to her, thereby agreeing to indemnify and keep harmless and guarantee Louisa Booth "from all loss or damage not exceeding $2,900.00. * * *" She bases her claim of loss on the value of the 4.24-acre tract at approximately $1,000 an acre.
"The contract of title insurance, as distinguished from that of employment to examine the title to premises, does not involve liability for negligence." 45 C.J.S. Insurance § 884, p. 950.
"The liability of the insurer under a title policy is for loss or damage by reason of defects in the title to the property or liens or encumbrances thereon." Ibid., § 966, p. 1161.
"[The] insured is entitled to be reimbursed for all losses actually sustained, not to exceed the amount of his insurance, by reason of the defects of title or liens or encumbrances insured against; and, in the absence of a provision in the policy to the contrary, he is limited thereto." Ibid.
*537 The Title Company, on page 1 of the policy, clearly states that it will "indemnify, keep harmless and guarantee the insured from all loss or damage not exceeding the sum of $2,900.00 * * * by reason of defects in the title * * * or because of liens or incumbrances charging the same at the date of this Guaranty (unless some other date be mentioned in Schedule A, and then at the last mentioned date." (Italics supplied.) The policy is dated November 4, 1953 and no other date is mentioned in Schedule A.
Again, on page 4, under the heading "Scope of this Guaranty," the policy clearly provides that it insures only as to actions, claims, etc., "founded upon a claim of title or encumbrance prior in date to this guaranty. * * *" In 13 N.J. Practice (Abstracts and Titles), at page 94, it is stated:
"The policy protects the insured against all losses which are incurred through defects in the title or encumbrances which existed on the date the policy was issued. It does not give protection against any losses arising from defects, liens or encumbrances which come into being after the date of the issuance of the policy."
It must be remembered that plaintiff by virtue of her agreement with the Mannings knew of the uncertainty as to the boundaries of the land she was to purchase because of the as yet unknown requirements of the Highway Authority; and that this court by its decision of June 16, 1959 decided that it was the intention of the parties to that agreement that the lands to be conveyed to plaintiff could not be definitely determined until after it was known just what lands would be needed by the Highway Authority for the Garden State Parkway, and that in the event of condemnation proceedings the plaintiff would be entitled to compensation for the lands which it was later determined contained 1.14 acres of this 4.24-acre tract; and the Mannings, or their assignee, to compensation for the taking of those lands which it was later determined contained 3.31 acres. Plaintiff has received $792.82 in condemnation. In view of these facts, *538 it is difficult to understand the loss claimed by the plaintiff, even should she be able to prove a breach of contract.
"`"Loss" is a relative term. Failure to keep that which one has, is loss. * * * Title insurance is designed to protect the insured and save him harmless from any loss arising through defects, liens, or encumbrances that may be in existence, affecting the title when the policy is issued.'" In re Gordon, 317 Pa. 161, 176 A. 494 (Pa. Sup. Ct. 1935).
Here it was never the intention that the plaintiff should have title to the 4.24-acre tract, even though it was included in the description of the deed from the Mannings to her. Plaintiff has suffered no actual loss other than the taking by condemnation of the 1.14 acres, and for this she has been compensated. In Banes v. New Jersey Title Guarantee & Trust Co., 142 F. 957, 959 (3 Cir. 1906), Circuit Judge Acheson said:
"Defendant's guaranty is against loss or damage which the plaintiff shall sustain by reason of defects of title or because of liens or incumbrances as specified therein. Therefore, by the very terms of the contract, it was incumbent upon the plaintiff to show some loss or damage. This is the general doctrine in actions on contracts of indemnity."
"Ordinarily it (insurer's liability) is measured by the difference between the value of the property insured as it was with the defects insured against and its value as it would have been if there had been no such defects." 45 C.J.S. Insurance, § 967, p. 1161.
In this case there is no proof whatsoever of any loss or damage to the plaintiff because of any defect in title in existence at the time the policy was issued. It is concluded that title insurance is a contract of indemnity protecting the insured from any loss through anything which may have been a cloud upon the title to the lands described in the policy. The title company is not liable for any alleged negligence. The plaintiff has failed to prove a breach of contract. The defect, lien or encumbrance, if any, resulting from the overlap of the 4.24 acres, occurred after the date of the policy and, therefore, no liability devolves upon the insurer. The motion is allowed and the complaint will be dismissed. Submit order.